UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff,<br><br> v.<br><br>Rafael Ruiz,<br><br>     Defendants. | No. 2: 18-CR-00182-KJM<br><br>ORDER |

    Defendant Rafael Ruiz moves to sever count three of the superseding indictment from the remaining eight counts, for the purposes of trial. Count three charges Ruiz with unlawful possession of a firearm; the other eight counts comprise drug, robbery and various firearms charges related to an undercover drug buy that allegedly occurred more than a month later than the firearm possession. The government opposes the motion. On November 2, 2020, the court held a hearing via videoconference with Assistant United States Attorney Cameron Desmond appearing for the United States and Assistant Federal Defender Timothy Zindel appearing for defendant Rafael Ruiz. The court granted the motion from the bench on December 7, 2020, and here provides its reasons for the grant.

**I. BACKGROUND**

    According to the superseding indictment, defendant sold more than a kilogram of a substance containing methamphetamine to an undercover DEA agent in the summer of 2018.

1

Superseding Indictment 1–2, ECF No. 36. Police found a handgun in his car at the time; Ruiz has previously been convicted of a felony. *Id*. at 2, 5–8. More than a month later, the government charges, Ruiz participated in a conspiracy to rob and assault an undercover DEA agent during a drug buy; during the robbery, Ruiz allegedly brandished a handgun. *Id*. at 3–5.

On the basis of these allegations, the superseding indictment charges defendant with three counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Counts One, Two, and Four); one count of being a felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three); one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count Five); one count of conspiracy to commit robbery in violation of 18 U.S.C. § 371 (Count Six); one count of robbery in violation of 18 U.S.C. § 2114(a) (Count Seven); one count of assault on a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b) (Count Eight); and one count of brandishing a firearm during and in relation to crimes of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Nine). *See generally* Superseding Indictment, ECF No. 36.

Defendant moves to sever count three, the firearm possession charge, from the remaining charges under Federal Rule of Criminal Procedure 8(a). Mot., ECF No. 55. He argues that charge is dissimilar from the others both in terms of his alleged conduct and the evidence the government would seek to introduce at trial. *See id.* at 4–5. The government opposes the motion, arguing the possession charge is similar to the robbery, assault and firearm brandishing charges. *See generally* Opp'n, ECF No. 57. Defendant has replied. ECF No. 58.

The parties' briefs include arguments related to Rule 8(a)'s "common scheme or plan" prong and Rule 14, but at hearing they agreed the required analysis here turns on Rule 8(a)'s "same or similar character" prong. The court thus limits its discussion to that portion of the Rule.

**II.   LEGAL STANDARD**

Rule 8(a) allows joinder of more than one offense against a single defendant if "the offenses charged . . . (1) are of the same or similar character, or (2) are based on the same act or transaction, or (3) are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The propriety of joinder is determined by examining the allegations in the

1  indictment. *United States v. Jawara*, 474 F.3d 565, 572–73 (9th Cir. 2007) ("[A] valid basis for
2  joinder should be discernible from the face of the indictment.").

3  Rule 8's "same or similar character" prong, the prong at issue here, "is the most
4  amorphous and controversial of the three grounds for joinder." *Id*. at 575. Courts consider the
5  following factors in determining whether separate charges in an indictment are "of same or
6  similar character": (1) the elements of the statutory offenses; (2) the temporal proximity of the
7  acts; (3) the likelihood and extent of evidentiary overlap; (4) the physical location of the acts;
8  (5) the modus operandi of the crimes; and (6) the identity of the victims. *Id*. at 578. "The weight
9  given to a particular factor will depend on the specific context of the case and the allegations in
10 the indictment." *Id*. "[T]he similar character of the joined offenses should be ascertainable—
11 either readily apparent or reasonably inferred—from the face of the indictment." *Id*. "Courts
12 should not have to engage in inferential gymnastics or resort to implausible levels of abstraction
13 to divine similarity." *Id*. Where the government seeks to join counts based on "same or similar
14 character," "it crafts a barebones indictment at its own risk." *Id*.

15 The government's arguments rely on evidence outside the allegations of the indictment,
16 and invite the court to run afoul of the teaching of *Jawara.* 474 F.3d at 572-73; *see also United*
17 *States v. Sarad*, No. 11-00387, 2014 WL 440805, at *2 (E.D. Cal. Feb. 4, 2014). The government
18 points to cases predating *Jawara*. Regardless, the cases are consistent with *Jawara* in that they
19 limit the Rule 8(a) analysis to the four corners of the indictment or do not directly contradict
20 *Jawara* in any way that survives as a guiding principle. *See United States v. Fiorillo*, 186 F.3d
21 1136, 1145 (9th Cir. 1999) ("In making an assessment of whether joinder was proper, this court
22 examines only the allegations in the indictment."); *United States v. Terry*, 911 F.2d 272, 276 (9th
23 Cir. 1990) ("[T]he validity of the joinder is determined solely by the allegations in the
24 indictment."); *cf. United States v. Friedman*, 445 F.2d 1076, 1083 (9th Cir. 1971) (upholding
25 joinder in part because the indictment "alleges a closely related series of acts all done in pursuit of
26 a single goal").

27 While the Ninth Circuit has "on occasion, . . . noted matters outside of the indictment,"
28 *Jawara*, 474 F.3d at 572–73, it has done so in reviewing a lower court's severance decision

3

1 following trial.  When a cases reaches the Circuit in this posture, the court reverses a Rule 8

2 ruling only "if the misjoinder result[ed] in actual prejudice because it 'had substantial and

3 injurious effect or influence in determining the jury's verdict'"; reaching such a conclusion

4 requires combing the trial record for actual prejudice.  *Terry*, 911 F.2d at 277 (quoting *United*

5 *States v. Lane*, 474 U.S. 438, 449 (1986)).  A district court resolving a motion to sever prior to

6 trial, in contrast, is guided simply "by the established law of the Ninth Circuit."  *United States v.*

7 *Salyer*, No. 10-061, 2011 WL 6153204, at *1 (E.D. Cal. Dec. 12, 2011).  The court thus applies

8 the "same or similar character" factors to the allegations contained in the superseding indictment.

9 **III.    ANALYSIS**

10     Here, the only factor clearly weighing in favor of joinder is the physical location of Ruiz's

11 alleged conduct; the indictment charges that everything he did occurred in Solano County.  *See*

12 Superseding Indictment at 1-6.  The close timing or "temporal proximity" of Ruiz's conduct as

13 alleged with respect to count three and the other counts also weighs somewhat in favor of joinder,

14 given that the events supporting count three took place within two months of those cited in

15 support of the remaining counts.  *See* Superseding Indictment at 2 (events of count three taking

16 place on July 16, 2018); *id.* at 5-6 (events of counts seven through nine taking place on

17 September 4, 2018); *United States v. Cotton*, No. 17-908, 2018 WL 4599820, at *4 (S.D. Cal.

18 Sept. 24, 2018) ("Although the acts did not take place at the same time, their temporal proximity

19 [of two months] is not so great as to weigh against proper joinder.").  The balance of the relevant

20 factors, however, weigh against joinder.

21     First, the elements of the charged offenses are not coextensive.  The firearm possession

22 charge requires proof defendant was "convicted in any court of a crime punishable by

23 imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), an element not required by

24 any of the other charged offenses.  *See* 18 U.S.C. § 2114; 18 U.S.C. § 111; 18 U.S.C. § 924(c).

25 The government argues this factor weighs in favor of joinder because other charges, specifically

26 counts seven, eight and nine, require proof of possession of a firearm or a dangerous weapon.

27 Counts seven, eight and nine do each have as an element use of a dangerous weapon, but that is

28 where the similarities end.  Count three requires proof the defendant was a felon and unlawfully

4

1  possessed firearm, 18 U.S.C. § 922(g), while the remaining counts require proof of an effort by

2  defendant to commit an assault, robbery, drug trafficking offense or another crime of violence.

3  18 U.S.C. § 2114; 18 U.S.C. § 111(a); 18 U.S.C. § 924(c).  Accordingly, "the indictment alleges

4  [ ] different statutory violations requiring proof of different elements." *Jawara*, 474 F.3d at 578.

5        Second, the firearm possession charge of count three does not reflect a mode of operation

6  or "MO" that is similar or identical to that employed in carrying out the activities underlying the

7  remaining charges.  The only argument the government presents on this issue is that the same

8  type of handgun was used in all of the offenses.  Opp'n at 5.  Assuming without deciding that the

9  possession of a particular type of firearm qualifies as an MO, the handgun identified in the

10 firearm possession charge is a Smith & Wesson SD 40 caliber handgun; the firearm identified in

11 counts seven, eight and nine is a Smith & Wesson M&P pistol.  Superseding Indictment at 2, 6.

12 The defense argues it is not enough that the two firearms are manufactured by the same company.

13 Reply at 2.  And indeed, such a "vague thematic" connection between the counts is insufficient to

14 find joinder proper.  *See Jawara*, 474 F.3d at 579.

15       Third, the likelihood of evidentiary overlap appears slight if not nonexistent.  There is no

16 link ascertainable between the firearm charge and the other charges, based on a fair reading of the

17 indictment.  The events alleged in support of the firearm possession charge occurred on a

18 different day than the events underlying the remaining counts; as noted above, they involved a

19 different weapon.  *See Jawara*, 474 F.3d at 578 (in considering extent of common evidence,

20 courts concentrate on "the important evidence" (quoting *United States v. Randazzo*, 80 F.3d 623,

21 628 (1st Cir. 1996))).  The government argues there are several evidentiary connections linking

22 the counts, however, in doing so they rely on evidence beyond the indictment.  The only

23 evidentiary link evident on the face of the superseding indictment is the alleged presence of a

24 firearm in more than one count, with the government's arguing defendant's alleged possession in

25 count three admissible to show his access to and knowledge of firearms as relevant to other

26 charges.  Opp'n at 6; Superseding Indictment at 2, 6.  This one possible link is insufficient to

27 support a finding of evidentiary overlap.  The lack of overlap weighs against joinder.

28 /////

Finally, no common victim is apparent across the counts charged, on the face of the indictment. This factor also weighs against joinder.

## IV. CONCLUSION

The allegations of the superseding indictment are insufficient to connect defendant's alleged possession of one handgun in count three to his alleged use of a different gun during a drug transaction more than a month later. The *Jawara* factors weigh against joinder of the third count. Accordingly, defendant's motion to sever is **granted.**

This order resolves ECF No. 55.

IT IS SO ORDERED.

DATED: December 8, 2020.

CHIEF UNITED STATES DISTRICT JUDGE