McGREGOR W. SCOTT
United States Attorney
CAMERON L. DESMOND
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:18-CR-00182-KJM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| EDGAR TORRES AND RAFAEL RUIZ | DATE: December 7, 2020 TIME: 9:00 a.m. COURT: Hon. Kimberly J. Mueller |
| Defendants. | |

By previous order, this matter was set for status on December 7, 2020.  At the status hearing on that date, the Court set this matter for trial to begin May 4, 2021, and excluded time between December 7, 2020 and May 4, 2021, under Local Codes T4 and R.  By this stipulation the defendant Edgar Torres and the government supplement the record for the government's motion to exclude time through May 4, 2021.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders,

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1    as well as the declarations of judicial emergency, were entered to address public health concerns related

2    to COVID-19.

3        Although the General Orders and declarations of emergency address the district-wide health

4    concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

5    "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

6    findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

7    record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

8    failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

9    (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

10    findings on the record "either orally or in writing").

11        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12    and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

13    emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

14    judge granted such continuance on the basis of his findings that the ends of justice served by taking such

15    action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

16    § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

17    the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

18    such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

19        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

20    18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances

21    stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a

22    continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice

23    continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).

24    The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also*

25    *United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

26    following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus

27    / / /

28

---

will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7).[2]

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on December 7, 2020.

2.      At the status hearing on that date, the Court set this matter for trial to begin May 4, 2021, and excluded time between December 7, 2020 and May 4, 2021, under Local Codes T4 and R.

3.      By this stipulation the parties supplement the record for the government's motion to exclude time through May 4, 2021.

4.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes hundreds of pages of documents and multiple hours of recordings.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to meet with his client, analyze the evidence and prepare a trial defense based on that evidence, conduct independent factual investigation, conduct legal research regarding trial evidentiary issues and sentencing issues, and otherwise prepare for trial.

c)      Counsel for defendant is currently scheduled for a three-week trial to begin April 5, 2021.

d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

e)        The government does not object to the continuance.

f)        In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the trial involves individuals with high-risk factors for severe illness from COVID-19.  Specifically, defense counsel has two medical conditions, in addition to his age, that qualify as risk factors for severe illness from COVID-19, as recognized by the CDC.

g)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of December 7, 2020 to May 4, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

i)        In addition, as noted by the Court during the December 7, 2020 hearing, time should be excluded as to Mr. Torres' co-defendant, Rafael Ruiz, under 18 U.S.C. § 3161(h)(6) (Local Code R) for reasonable delay for an un-severed co-defendant.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1     5.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4       IT IS SO STIPULATED.

6
7  Dated:  December 8, 2020                 McGREGOR W. SCOTT
                                        United States Attorney

8

9                                     /s/ CAMERON L. DESMOND
                                     CAMERON L. DESMOND
10                                     Assistant United States Attorney

11

12  Dated:  December 8, 2020               /s/ Peter Kmeto
                                     Peter Kmeto
13                                     Counsel for Defendant
                                     EDGAR TORRES

14

15

16

17                           **FINDINGS AND ORDER**

18       IT IS SO FOUND AND ORDERED this 22nd day of December, 2020, nunc pro tunc to

19  December 7, 2020.

20

21

22                       CHIEF UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28