UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:18-CR-0182 KJM |
| Plaintiff, | ORDER |
| v. | |
| Rafael Ruiz, | |
| Defendant. | |

Defendant Rafael Ruiz moves for revocation of his detention so he may receive drug addiction treatment from the Wellspace Residential Treatment program and then be released to the custody of his friend. The government opposes his release. For the reasons that follow, the court **grants** defendant's motion in part, to the limited extent defendant will be released temporarily for 90 days to complete the identified treatment program.

**I.    BACKGROUND**

Mr. Ruiz is charged in an indictment with three counts of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Counts One, Two and Four); one count of being a felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1) (Count Three); one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count Five); one count of conspiracy to commit robbery in violation of 18 U.S.C. § 371 (Count Six); one count of robbery in violation of 18 U.S.C. § 2114(a) (Count Seven); one count of

1

assault on a federal officer in violation of 18 U.S.C. § 111(a)(1) and (b) (Count Eight); and one count of brandishing a firearm during and in relation to crimes of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Nine).  *See generally* Superseding Indictment, ECF No. 36. The duty magistrate judge before he first appeared ordered him detained, on September 5, 2018, Min., ECF No. 4, and he has been in pretrial detention for 28 months now, Mot. to Revoke ("Mot.") at 2, ECF No. 73.  In December 2020, Mr. Ruiz moved before the duty magistrate judge to have his detention order revoked.  Mot. for Bail Review, ECF No. 67.  The magistrate judge denied the motion.  Hr'g Tr., ECF No. 72.

Mr. Ruiz now moves before this court to revoke his order of detention. Mot., ECF No.73. He seeks release initially to enter an established residential drug treatment program at Wellspace for 90 days and he seeks release thereafter into the custody of his friend Gabriela Gonzalez.  Mot. at 5.  The government opposes Mr. Ruiz's release. Opp'n, ECF No. 74.  Mr. Ruiz did not file a reply to the government's opposition.  On January 11, 2021, the court held a hearing on the motion.  Mins. for Mot. Hr'g, ECF No. 74.

## II.    LEGAL STANDARD

"If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  18 U.S.C. § 3145 (b).  The district court reviews *de novo* "the evidence before the magistrate [judge] and makes its own independent determination whether the magistrate [judge]'s findings are correct, with no deference."  *United States v. Koenig*, 912 F.2d 1190, 1191, 1193 (9th Cir. 1990).

A rebuttable presumption that no combination of conditions will assure the appearance of the defendant or safety of the community arises, as it does here, "if the judicial officer finds that there is probable cause to believe that the person committed" an offense that carries a maximum term of ten or more years imprisonment or is set in the Controlled Substances Act, 21 U.S.C. 801 *et seq*. or the Controlled Substances Import and Export Act, 21 U.S.C. 951 *et seq*.  18 U.S.C. § 3142 (e)(3)(A).  "If a defendant proffers evidence to rebut the presumption of dangerousness, the court considers four factors in determining whether the pretrial detention standard is met."

1 *United States v. Hir*, 517 F.3d 1081, 1085–86 (9th Cir. 2008).  In so doing, the court considers:
2 "(1) the nature and circumstances of the offense charged, . . . (2) the weight of the evidence
3 against the person; (3) the history and characteristics of the person, . . . and (4) the nature and
4 seriousness of the danger to any person or the community that would be posed by the person's
5 release."  18 U.S.C. § 3142(g).  The weight of the evidence has the least force based on the
6 presumption of innocence that attaches to a defendant at the pretrial stage of a criminal
7 proceeding.  *Bell v. Wolfish*, 441 U.S. 520, 533 (1979).  The government bears "the burden
8 throughout the proceeding to show by clear and convincing evidence that no condition or
9 combination of conditions would reasonably assure defendant's appearance at trial or the safety of
10 the community."  *Id*. at 497.  Additionally, "[a] finding that a defendant is a danger to any other
11 person or the community must be supported by 'clear and convincing evidence.'"  *United States*
12 *v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing 18 U.S.C. § 3142(f)(2)(B)).

13       A separate provision of the law governing detention, 18 U.S.C. § 3142(i), provides a court
14 may temporarily release a detained defendant if "such release is necessary for preparation of the
15 person's defense or for another compelling reason," and the defendant will be released to "the
16 custody of a United States marshal or another appropriate person."  18 U.S.C. § 3142(i).  "But
17 those compelling reasons under § 3142(i) 'are not additional factors the Court may consider in
18 evaluating *whether* to detain a defendant in the first place; those factors are in section 3142(g)
19 only.'  If any professed reasons—so long as they are seemingly 'compelling' enough—could
20 justify pretrial release. . ., 'the exception in section 3142(i) would swallow all detention orders.'"
21 *United States of Am. v. Ryan*, 445 F. Supp. 3d 707, 708-09 (C.D. Cal. 2020) (quoting *United*
22 *States v. Villegas*, 2020 WL 1649520, at *1 (C.D. Cal. Apr. 3, 2020) )  "The release,[ ] must be
23 'temporary' only, meaning that its length can be no longer than needed to complete the
24 'necessary' defense preparations or to resolve the other 'compelling' circumstances."  *United*
25 *States v. Villegas*, No. 2:19-568, 2020 WL 1649520, at *1 (C.D. Cal. Apr. 3, 2020).  A defendant
26 bears the burden of establishing circumstances warranting temporary release pending trial.  *See*
27 *United States v. Dupree*, 833 F. Supp. 2d 241, 246 (E.D.N.Y. 2011).  Although defendant here
28 does not invoke § 3142(i), the court discussed the possibility of temporary release only with the

parties at hearing, and finds it has sufficient information to consider the pending motion under this statute as well to the extent the motion seeks release to residential treatment for a period of 90 days.

### III. ANALYSIS

Mr. Ruiz seeks to be released pending trial "on a condition or combination of conditions," 18 U.S.C. § 3142(2), under the Bail Reform Act. Mot. at 2. Mr. Ruiz concedes that his charged offenses give rise to the rebuttable presumption that no conditions "will reasonably assure the appearance of the person as required and the safety of the community." *Id*. at 3 (citing 18 U.S.C. § 3142 (e)(3)(A)). The court here focuses on dangerousness alone, given defendant's localized residence and family connections and the lack of any indication he poses a flight risk. Mr. Ruiz seeks to rebut the presumption of dangerousness by pointing to evidence of his strong ties to the community and arguing that much of his previous illegal activity stemmed from his ongoing drug addiction. *Id*. at 5.

The court finds the nature of Mr. Ruiz's current offense and his criminal history weigh heavily in favor of continuing detention. His criminal history in particular, as confirmed by the Pretrial Services Reports the court has reviewed, involves numerous prior drug, gun and parole violations. *See* Opp'n 1-2. While giving the evidence against him the least weight, the court notes that audio recordings of the activity underlying the current charges captured Mr. Ruiz's involvement. *See* Superseding Indictment, ECF No. 36; Opp'n at 4 ("Every one of the drug transactions and the robbery were audio recorded. The defendant was in possession of a portion of the law enforcement funds stolen from the agent when he was arrested").

At the same time, Mr. Ruiz has no history of violence prior to the conduct with which he is currently charged and much of his record suggests that drug abuse is a contributor to his criminal behaviors. *See* Mot at 2. There also is no indication he has violated rules and regulations at the local jail where he currently is housed.

On balance, the court does finds dangerousness concerns can be overcome with the combination of conditions available during the 90 days Mr. Ruiz could be released to participate in the Wellspace residential treatment program. *See United States v. Parmer*, No. 18-00267, 2020

1  WL 2213467, at *3 (N.D. Cal. Apr. 14, 2020) (granting release in light of changed circumstances,
2  including availability of a "dual-diagnosis residential treatment facility" to address defendant's
3  drug use and bipolar disorder); *United States v. Le*, 457 F. Supp. 3d 6, 7–8 (D. Mass. 2020)
4  (releasing defendant who operated "sophisticated and complex drug trafficking business" under
5  18 U.S.C. § 3142(i) for 45 days in light of his health conditions in face of COVID-19 pandemic).

6        The conditions the court will impose during a 90-day period of release include that Mr.
7  Ruiz must reside full-time at the identified Wellspace facility, where the staff will have the ability
8  to promptly alert the Pretrial Services Officer if Mr. Ruiz violates any of the facility's conditions,
9  including regular drug testing and maintenance of sobriety. Mot. at 2. The court also will require
10 the posting of a secured bond in the amount of $50,000, to be posted by defendant's mother and
11 secured by a portion of the equity in her home. The Pretrial Services Officer has confirmed that
12 Wellspace will accept Mr. Ruiz as a patient if he is released, and also has approved defendant's
13 mother as an appropriate person to provide the secured bond.

14       To the extent Mr. Ruiz's temporary release for 90 days is subject to 18 U.S.C. § 3142(i),
15 the court finds Mr. Ruiz's release is warranted by the compelling reasons presented by his history
16 of drug abuse as a contributor, while not the sole contributor, to his past criminal behavior.
17 *United States v. Stephens*, 447 F. Supp. 3d 63, 66–67 (S.D.N.Y. 2020) (finding compelling
18 reasons "where the defendant's serious medical conditions warrant release"); *United States v.*
19 *Rebollo-Andino*, 312 F. App'x 346, 348 (1st Cir. 2009) (unpublished) (noting defendant who is
20 denied bail "retains the ability to request[,] ... in extraordinary circumstances, ... temporary
21 release under § 3142(i)" if future developments warrant release). If Mr. Ruiz were able to
22 participate in drug treatment programming, as he requests, while detained pending trial, the
23 record before the court might not support temporary release; under the current circumstances,
24 however, the court finds Mr. Ruiz has met his burden by pointing to his history of drug abuse.

25       The court finds Mr. Ruiz has not met his burden under either 3142(g) or 3142(i) to support
26 continuing release beyond the 90 days to complete the Wellspace program, and so he will be
27 remanded once he completes the program, assuming he does so successfully.

5

**IV.     CONCLUSION**

Accordingly, the court **grants** Mr. Ruiz's motion in part as follows:

1. Mr. Ruiz will be released for 90 days for the purpose of completing drug treatment at Wellspace Residential Treatment upon confirmation that there is a bed at the treatment center for him, and subject to the other conditions identified below.  His counsel shall arrange for him to be escorted from the jail upon his release directly to the Wellspace treatment center.  Upon completion of the treatment program, at 9 a.m. on the ninetieth (90th) day of treatment, Mr. Ruiz shall surrender to the U.S. Marshals Service in front of the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California.
2. Mr. Ruiz must post a $50,000 bond prior to release, secured by a portion of the equity in his mother's home.
3. Mr. Ruiz must also comply with all other conditions of temporary pretrial release as set forth in the documents the Pretrial Services Officer will provide for his acknowledgement and signature.

This order resolves ECF No. 73.

IT IS SO ORDERED.

DATED: January 19, 2021.

CHIEF UNITED STATES DISTRICT JUDGE